1

2

3

4

5

6

7                           **UNITED STATES DISTRICT COURT**

8                             EASTERN DISTRICT OF CALIFORNIA

9

10   ELRADER BROWNING, III,                      Case No. 1:11-cv-00598-DLB PC

11              Plaintiff,                        **ORDER DENYING PLAINTIFF'S**
                                                  **REQUEST FOR ENTRY OF DEFAULT**
12        v.
                                                  ECF No. 17
13   GRIMM, et al.,

14              Defendants.

15

16        Plaintiff Elrader Browning, III ("Plaintiff") is a prisoner in the custody of the California

17   Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

18   forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  This action is proceeding against

19   Defendant Grimm for deliberate indifference to a serious medical need in violation of the Eighth

20   Amendment.  On March 19, 2012, Plaintiff requested entry of default against Defendant Grimm.

21   ECF No. 17.  On March 21, 2012, Defendant Grimm filed an opposition.  ECF No. 18.  The matter

22   is submitted pursuant to Local Rule 230(l).

23        "When a party against whom a judgment for affirmative relief is sought has failed to plead or

24   otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's

25   default."  Fed. R. Civ. P. 55(a).

26        On February 15, 2012, the waiver of service was returned executed as to Defendant Grimm.

27   The United States Marshal, who effected service of process on behalf of Plaintiff, served the waiver

28   on December 19, 2011, the date it was mailed.  ECF No. 14.  The waiver of service was returned on

                                                  1

1    January 25, 2012.  Sixty days from December 19, 2011 is February 17, 2012.  Defendant's answer

2    was not filed until February 21, 2012.  Thus, it appears that Defendant's answer may have been late.[1]

3         However, no default is entered if Defendant has filed a response indicating an intent to

4    defend against the action.  *See* Fed. R. Civ. P. 55(a) (default against party who fails to plead or

5    otherwise defend).  Defendant's answer, if late, was late by only a few days.  Even if the Court had

6    entered default, the Court would find good cause to set aside default here.

7         Accordingly, it is HEREBY ORDERED that Plaintiff's request for entry of default, filed

8    March 19, 2012, is denied.

9
10   IT IS SO ORDERED.

11   Dated:   **September 13, 2012**            /s/ *Dennis L. Beck*

12                                            UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant contends that the waiver of service request was not sent until December 20, 2011.  This appears contradicted by the USM-285 form, which indicates that it was mailed December 19, 2011.